## 9659

### PORTER v. BENNETTSVILLE & C. RY.

(91 S. E. 970.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—NEGLIGENCE—QUESTION FOR JURY.—In a railroad section foreman's action for injuries caused by an unfastened telephone booth eight feet high with a base of three by four feet which fell upon him, in which the evidence was conflicting on the question whether the height of the booth was out of proportion to its base, the issue of defendant's negligence *held* for the jury.

2. EVIDENCE — OPINION EVIDENCE — EXPERTS—COMPETENCY.—A carpenter admittedly qualified to testify as an expert with regard to the proper construction of buildings generally, although he had no experience in the building of telephone booths, was properly allowed to express his opinion that the booth was too high for its base, since the question before the Court was the stability of the structure, and not its fitness as a telephone booth.

3. DAMAGES — INSTRUCTIONS — MEASURE.—An instruction on measure of damages reading "If you find the plaintiff is entitled to recover actual damages, you may take into consideration future damages, and future damages are such as are reasonably certain will result in the future from the injury," and "you may take into consideration the loss of time and capacity to earn a livelihood, physical and mental

pain and suffering, and that which he is reasonably certain of necessity to suffer in the future, the permanency of the injury, and the impairment of his health," was not subject to the too critical objection that it authorized an award of damages not caused by plaintiff's physical injuries.

Before SEASE, J., Marion, April, 1916.    Affirmed.

Action by John W. Porter against the Bennettsville & Cheraw Railway.    Judgment for plaintiff, and defendant appeals.

*Messrs. D. D. McColl* and *A. F. Woods,* for appellant.

*Mr. McColl* cites: *As to refusal to direct verdict:* 99 S. C. 417.    *Injury due to extraordinary natural conditions:* 67 N. J. L. 324; 93 Minn. 428; 15 Am. Neg. Rep. 412; 69 Pac. 338; 12 Am. Neg. Rep. 477; 143 Ind. 381; 14 Am. Neg. Cas. 466; 21 Am. Neg. Rep. 85.    *As to expert testimony:* 11 R. C. L. 581; 74 S. C. 235; 59 S. C. 318.    *Mental anguish:* 89 S. C. 30; 99 S. C. 284.

*Messrs. W. F. Stackhouse* and *L. D. Lide,* for respondent, cite: *As to act of God:* 89 S. C. 564.    *Expert testimony:* 74 S. C. 235; 91 S. C. 523.    *Charges as to mental anguish:* 72 S. C. 411; 75 S. C. 102; 99 S. C. 284.

March 28, 1917.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Defendant appeals from judgment for plaintiff for $3,000 damages for personal injuries.

While plaintiff was at work on defendant's track as section foreman, a telephone booth placed by the track for the purpose of giving train orders was blown down and fell on him, injuring him severely and permanently in body and limb.

The base of the booth was about 3x4 feet, and it was 8 feet high. It was set upon two rough-hewn crossties without being braced or anchored to the ground or fastened to the crossties. Plaintiff's evidence tended to show that its height was out of proportion to its base to withstand an ordinary wind, and that it was overturned by such a wind. Defendant's evidence tended to show that it was a reasonably safe structure, and that it was blown down by a storm of extraordinary violence. Plaintiff's evidence warranted a finding of actionable negligence, and defendant's evidence did no more that raise a conflict as to that issue; therefore, the Court properly overruled defendant's motion for a directed verdict, and submitted the issue of defendant's negligence to the jury.

One of plaintiff's witnesses who had been a carpenter and building contractor for 22 years was allowed to express his opinion that the booth was too high for its base. The objection to this testimony was not that the witness was not qualified to testify as an expert with regard to the proper construction of buildings generally, but that it did not appear that he had had any experience in the building of telephone booths. The question before the Court was not as to the fitness of the structure as a telephone booth, but as to its stability, as to which the witness was competent to speak as an expert. The objection was properly overruled.

As to the measure of damages, the Court told the jury: "If you find the plaintiff is entitled to recover actual damages, you may take into consideration future damages, and future damages are such as are reasonably certain will result in the future from the injury. You may take into consideration the loss of time and capacity to earn a livelihood, physical and mental pain and suffering, and that which he is reasonably certain of necessity to suffer in the future, the permanency of the injury, and the impairment of his health."

The objection that this instruction allowed the jury to award damages for mental anguish not caused by plaintiff's physical injuries is too critical.

Judgment affirmed.